# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-CR-0066-CVE |
| v. | ) | (17-CV-0203-CVE-tlw) |
| | ) | |
| GUS TRAVIS POOLE, JR., | ) | |
| a/k/a "Travis Gus Poole" | ) | USM Number: 12365-062 |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On April 13, 2017, defendant Gus Travis Poole, Jr., a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 50). Defendant also filed a motion for appointment of counsel (Dkt. # 49).

On August 26, 2013, defendant appeared for sentencing following his plea of guilty to count one – importation of controlled substance (methylone), in violation of 21 U.S.C. §§ 952, 960(a)(1) and (b)(3), and count two – possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Defendant was sentenced to 57 months custody of the Bureau of Prisons as to count one and 60 months custody as to count two, to run consecutively to count one, for a total sentence of 117 months.

On May 29, 2015, the Court denied defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 48), as the Court's original sentence as to count one of 57 months was the result of a downward variance from the advisory guideline range and remained less than the amended guideline range of 70 to 87 months. See USSG §1B1.10(b)(2)(A), comment. (n.3).

Defendant now asserts that the Court improperly construed its sentencing authority under 18 U.S.C. § 924(c)(1)(A)(i), in that the Court believed that it had no authority to consider the mandatory minimum sentence for the § 924(c) conviction when deciding the appropriate sentence for the underlying predicate offense of which he was convicted in count one under 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3). Dkt. # 50, at 4. Defendant argues that the Court's failure to consider the mandatory minimum sentence for the § 924(c) conviction is in violation of the holding in Dean v. United States, 137 S. Ct. 1170 (2017), which defendant claims to be retroactively applicable to this case. Defendant further claims ineffective assistance of counsel at his sentencing hearing "or alternatively" that the issue at bar was not reasonably available to counsel at the time of his sentencing. Dkt. # 150, at 4.

The Court finds that prior to the sentencing hearing, counsel for defendant filed a sentencing memorandum containing a motion for variance, Dkt. # 37, arguing that the use of the guideline referenced substance of MDMA in the guideline calculation for count one caused an over-represented base offense level due to the actual potency of the drug possessed, methylone, being only half as potent as MDMA. Counsel also cited defendant's psychiatric history and the mandatory consecutive sentence in count two as grounds for variance. The Court granted the motion for variance, Dkt. # 37, citing the MDMA potency factor as the applicable ground and imposed a four-level downward variance from a guideline range of 87 to 108 months to a range of 57 to 71 months. Further, the Court stated on the record that in determining an appropriate sentence, in addition to considering all of the factors set forth in 18 U.S.C. § 3553(a), the Court had considered that "defendant is facing a lengthy mandatory sentence as to count two, which must be imposed consecutively to any other term of imprisonment."

The Court finds that counsel of record for defendant specifically requested that the Court consider defendant's mandatory consecutive sentence as to count two, a violation of 18 U.S.C. § 924(c), in determining an appropriate sentence as to count one, the underlying predicate offense for which he was convicted. In addition, although the Court finds that Dean v. United States, 137 S. Ct. 1170 (2017), has not been determined to apply retroactively as defendant claims, the record in this case reflects that the Court was fully aware of its authority to consider, and did so consider, defendant's mandatory consecutive sentence, and the sentence in its entirety, in determining an appropriate sentence for the underlying predicate offense in count one. Therefore, because defendant does not have a new timely claim of ineffective assistance of counsel based on an alleged retroactive application of Dean, his motion is time-barred and should be dismissed.[1]

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 50) is **dismissed,** and defendant's motion for appointment of counsel in this matter (Dkt. # 49) is **moot**. A separate judgment of dismissal is entered herewith.

**DATED** this 2nd day of May, 2017.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's judgment and commitment was entered on August 26, 2013 (Dkt. #42).